**KNECHT, Appellant, v. GEORGE, et al., Appellees**

Ohio Appeals, First District, Hamilton County.

No. 6320.   Decided November 22nd, 1943.

Sol Goodman, Cincinnati, for appellant.

Ernst, Cassatt & Cottle, Cincinnati, Graydon, Head & Ritchey, Cincinnati, William J. Rielly, Cincinnati, and Starbuck Smith, Cincinnati, for appellees.

## OPINION

By THE COURT:

This is an action for partition, for an accounting, appointment of a receiver, a sale of the real estate, and distribution of the proceeds, and for a declaratory judgment as to the rights of the parties in certain respects.

The plaintiff bases his right to relief upon his ownership of an undivided 3/450ths of the equitable title to the real estate known as the Broadway Hotel, evidenced by a land trust certificate issued by the defendant, First National Bank of Cincinnati, the holder of the legal title, subject to a declaration of trust under which it issued the land trust certificates.

The trial court granted the plaintiff's prayer for a declaration of rights and refused all other relief. The plaintiff, being dissatisfied, appealed to this Court on questions of law.

We find that the trial Court declared the rights of the parties. The dissatisfaction of the appellant does not result from failure to declare rights, but from the Court's rejection of his assertions of rights. We find that the Court correctly declared the rights of the parties.

We also conclude that the Court did not err in denying the plaintiff the affirmative relief prayed for, for the following reasons:—

(1) In order for an owner of an undivided interest, either legal or equitable, to be entitled to partition, he must be in possession, or have a right to immediate possession. Without that, there is no right to partition, no matter what the title.

(2) The trust, of which the plaintiff was and is a beneficiary, was an active trust and has never ceased to be such. The termination of the original lease did not end the duties of the trustee. It increased them. During the lease, the trustee's duty was to collect and distribute the rent. The trust instrument styles this "The ordinary duties of the trustee." This is in contrast to the extraordinary duties devolving upon it, upon default in the payment of the rent, by the trustee.

This is not, therefore, a case of a dry, passive trust, terminable at the will of the beneficiaries.

(3) This trust does not offend against either the rule against perpetuities, or the rule prohibiting restraints on alienation. Both the legal and equitable titles are vested, and the trust instrument itself makes provision whereby the beneficiary may freely transfer his interest.

(4) The trustee has not been derelict in its duty as trustee. If it had, that would not be a reason for terminating the trust. It would only call for a more faithful trustee.

(5) The creation of a corporation to act as lessee of the property did not prejudice the beneficiaries. Of course, neither the trustee nor the beneficiaries could hide behind a wholly owned subsidiary in their dealings with third persons. A court would strike through the form but when that is done, no wrong against the beneficiaries is discovered.

(6) The beneficiaries purchased an undivided equitable interest, of which there was no right to partition by terms of their title deed.

The case presented is that of a trust in active execution by the trustee that has not violated its duty as trustee, which ends only upon the sale of the property by the trustee and a distribution of the net proceeds to the beneficiaries.

For these reasons, the judgment is affirmed.

ROSS, P. J., HILDEBRANT & MATTHEWS, J. J., concur.